UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ADVANCED CHEMICAL TRANSPORT, INC. DBA ACT ENVIRONMENTAL SERVICES, | ) ) CASE NO. ) |
| Plaintiff, | ) |
| v. | ) |
| AMERICAN COMPLIANCE TECHNOLOGIES, INC., | ) ) |
| Defendant. | ) |

## COMPLAINT FOR *DE NOVO* REVIEW OF DECISION OF THE TRADEMARK TRIAL AND APPEAL BOARD

Plaintiff, Advanced Chemical Transport, Inc., dba ACT Environmental Services brings this action against Defendant, American Compliance Technologies, Inc. for *de novo* review of a decision of the Trademark Trial and Appeal Board.

### Nature of Action

1. This is an action under the Lanham Act, 15 U.S.C. § 1071(b), seeking *de novo* judicial review of a final decision of the Trademark Trial and Appeal Board ("TTAB" or "Board") of the United States Patent and Trademark Office ("USPTO"). By this action Plaintiff seeks review and reversal of the March 2, 2023 decision of the Board in TTAB Cancellation Proceeding No. 92072591 to the extent that it was adverse to the Plaintiff.

2. In the final decision, the TTAB cancelled two of Plaintiff's trademark registrations after holding that Defendant had demonstrated priority of use and that Plaintiff's "ACT ENVIRO" and "ACT ENVIRONMENTAL SERVICES" marks

1

were confusingly similar to Defendant's ACT, A•C•T and A•C•T ENVIRONMENTAL & INFRASTRUCTURE marks (the "Defendant Marks"); and (3) rejecting Plaintiff's defense of laches.

3. The decision by the TTAB to cancel Plaintiff's registrations was incorrect and unsupported by law or evidence. Plaintiff seeks a determination by this Court that: (1) Defendant has failed to demonstrate longstanding use of the Defendant Marks in the forms it claims; (2) Plaintiff's "ACT ENVIRO" and "ACT ENVIRONMENTAL SERVICES" marks are not confusingly similar to the Defendant Marks; and (3) Defendant's petition should have been denied on the basis of the equitable doctrine of laches.

## The Parties

4. Plaintiff is a corporation organized and existing under the laws of California, and whose address is 967 Mabury Road, San Jose, California 95133.

5. Upon information and belief, Defendant is a corporation organized and existing under the laws of Florida, and whose address is 1875 West Main Street, Bartow, Florida 33830.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1071(b), and because, on information and belief, Defendant has purposefully availed itself of the privileges and benefits of doing business in the Middle District of Florida by engaging in business, by having a continuing corporate presence directed toward advancing Defendant's objectives and/or by engaging in a

systematic course of conduct in this District. Defendant's contacts with the state of Florida are so substantial, continuous, and systematic that due process is not offended by the Court's exercise of personal jurisdiction.

7. Venue is proper in this judicial district under 28 U.S.C. §§1391(b) and (c), pursuant to 15 U.S.C. § 1071(b), and because the Defendant resides in this judicial district.

8. The Board issued its final decision on March 2, 2023, thus pursuant to 15 U.S.C. § 1071(b) and 37 C.F.R. § 2.145(d)(3) this action is timely.

## Background

9. On or about August 1, 2014, Plaintiff adopted several new trademarks including the two which are subject of this Complaint. In doing so, Plaintiff spent approximately $175,000 in the processing of clearing and adopting the marks. The first was ACT ENVIRONMENTAL SERVICES as shown below and registered as U.S. Trademark Registration No. 5108229 on December 27, 2016:

**ACT ENVIRONMENTAL SERVICES**

10. Plaintiff registered this mark in International Class 037 for "Hazardous waste disposal services;" in International Class 039 for "Hazardous materials warehousing; Hazardous waste transportation services;" and in International Class 040 for

> Hazardous waste management; Recycling; Recycling and reclamation of usable materials from the residue of waste combustion and air pollution controls; Recycling of chemicals; Recycling of waste; Recycling of waste and rubbish; Recycling of waste and trash;

> Decontamination of hazardous materials; Sorting of waste and recyclable material; Technical consulting in the field of solid and hazardous waste management.

11. The second mark was ACT ENVIRO (& Design), the subject of U.S. Trademark Registration No. 5263848 (and with ACT ENVIRONMENTAL SERVICES the "Plaintiff Marks"), registered on August 15, 2017, shown below:



12. Plaintiff adopted this mark in International Class 037 for "Hazardous waste disposal services;" International Class 039 for "Hazardous materials warehousing; Hazardous waste transportation services;" International Class 040 for

> Decontamination of hazardous materials; Hazardous waste management; Recycling; Recycling of waste; Recycling of waste and rubbish; Recycling of waste and trash; Technical consulting in the field of solid and hazardous waste management; Sorting of waste and recyclable material;" and International Class 042 for "Engineering services in the field of environmental compliance; Environmental services, namely, technical consultation in the field of environmental science, engineering services and design for others in the field of environmental engineering; Scientific consulting services relating to hazardous materials management; Technical consultation in the field of environmental science, engineering services, design for others in the field of environmental engineering, designing and testing of new environmentally friendly products for others; Technical consultation in the field of environmental science, engineering services, design for others in the field of energy engineering, designing and testing of

4

energy products for others; Technical consultation in the field of environmental science, engineering services, design for others in the field of environmental engineering, designing and testing of new environmentally friendly products for others.

13. True and correct copies of U.S. Trademark Registration Nos. 86971451 and 87152715 are attached hereto as Exhibit A.

14. At the time of adopting the marks, Plaintiff was unaware of Defendant or Defendant's use of its marks, despite being highly active in the environmental remediation industry with numerous contacts in and around the southeastern United States. Similarly, Defendant admitted that it was unaware of Plaintiff until the office action was raised against its application.

15. Since adopting the mark, Plaintiff has provided its services to customers throughout the United States, including Alabama, Arkansas, Arizona, California, Colorado, Delaware, Georgia, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana, Massachusetts, Maryland, Michigan, Minnesota, Missouri, Mississippi, Montana, North Carolina, North Dakota, New Jersey, New Mexico, Nevada, New York, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, Wisconsin, and Wyoming, as well as to customers in Canada. By contrast, Defendant's use of the Defendant Marks has been limited to Florida.

16. In addition, the Plaintiff has opened at least five new facilities and spent between $50,000 and $100,000 promoting each, while spending an

additional $300,000 preparing and executing the expansion of each which included preparing signage and other displays.

17. The Plaintiff estimates that it spent approximately $3 million in marketing associated with its marks between 2014 and 2021. Plaintiff has enjoyed more than $580 million in revenue during that span. Cancellation of the Plaintiff Marks would cost the Plaintiff an estimated $1.377 million to rebrand its vehicles, stationary, advertisements, uniforms, equipment, and other items.

18. Since adopting the mark, Plaintiff has exercised great care to always refer to itself as "ACTenviro" in marketing materials and instructs its employees never to use "ACT" on its own without "ENVIRO." The Plaintiff uses its marks on equipment, company uniforms, letterhead, brochures, company-issued COVID-19 masks, and on Plaintiff's fleet of over 400 vehicles used to transport waste across state lines.

19. Plaintiff regularly attends tradeshows, is an active participant in environmental remediation professional organizations, and actively markets its services using social media including, but not limited to, LinkedIn, Twitter, Instagram, and Facebook. Plaintiff has accrued additional intangible goodwill in its marks, receiving a number of awards and recognition including, but not limited to: Inc. 5000 list for 2020; Top 50 Haulers according to Waste Today Magazine; ranked number 26 as one of San Diego's Fastest Growing Private Companies in 2016 through 2019; listed as a Fastest Growing Company by Silicon Valley in 2016-2018; listed as a Bay Area Top Place to Work in 2019; received the Environmental

Excellence Award from Industrial Environmental Association in 2019; received the EMS Award Universal Waste Program in 2019 from EMS Sandia National Labs New Mexico; and received the Murphy Award from the Silicon Valley Chamber of Commerce for Sustainability & Innovation Medical Waste Technology in 2017.

20. Plaintiff would be unduly prejudiced by having the Plaintiff Marks cancelled and would have to spend millions of dollars to establish a new brand. This investment and prejudice would have been avoided if the Defendant had registered its marks earlier as a prudent businessperson would, or if Defendant had timely sought cancellation or opposition to Plaintiff's registrations.

21. There is no evidence whatsoever of any consumer ever being confused by the parties' usage of their respective marks despite five (5) years of coexistence at the time of the original petition, now reaching eight (8) years with still no instances of confusion. In fact, there is no evidence that the parties have ever competed for the same customer.

22. Hundreds of entities across at least Florida, Louisiana, and California use the term "ACT" in their names, meaning consumers are used to seeing the term in the marketplace and are unlikely to be confused based on the usage of those three letters alone in a trademark.

23. It was undisputed before the Board that the customers of the relevant services are sophisticated entities and individuals who spend a great deal of effort reviewing the service provider before purchasing the services. These customers go through an arduous vetting process before contracting with the Plaintiff or

Defendant. The process frequently involves Plaintiff or Defendant responding to a Request for Proposal ("RFP") in which the provider and other vendors submit detailed proposals that the customer carefully scrutinizes. The Plaintiff and Defendant both routinely engage in contract negotiations with potential customers outside the RFP process as well, significantly reducing the likelihood of any confusion as the negotiations often involve a great deal of back and forth between the parties and their legal representatives. The Defendant claimed before the Board to have worked with large, sophisticated companies including ones found on the Fortune 500. The Defendant also stated that its engagement process involved negotiations over "quite long" master services agreements and engages in the same RFP processes Plaintiff does.

24. On information and belief, Defendant's business operations are almost exclusively limited to the state of Florida. Defendant produced no evidence during the Board proceeding that clearly demonstrated that it had ever provided services outside of Florida.

25. On information and belief, Defendant pronounces its mark "A…C…T" with each letter individually pronounced. At the time of the Board proceeding, Defendant's company voicemail expressly pronounced the mark "A…C…T." Meanwhile, the Plaintiff's mark is always pronounced "ACT" as the verb, never "A…C…T" and always with the "enviro" component.

26. On or about October 5, 2018, Defendant filed United States Trademark Application Serial No. 88144260 for "A•C•T ENVIRONMENTAL & INFRASTRUCTURE" (and Design) as shown below.



27. The examiner for the United States Patent and Trademark Office examining U.S. Trademark Application Serial No. 88144260 issued an office action issued September 30, 2019 rejecting registration of Defendant's application on the basis of likelihood of confusion with the Plaintiff Marks owned by the Plaintiff.

28. The Defendant then, without any contact or attempt at coexistence with Plaintiff, filed a petition for cancellation instituting Trademark Trial and Appeal Board Cancellation No. 92072591 on October 18, 2019. In its petition, Defendant claimed that it has used the Defendant Marks "since at least as early as 1987," and in that time has never before considered registering the Defendant Marks. Despite these claims, Defendant was unable to provide evidence of long-standing use of an "ACT" or "A•C•T" word mark, instead relying on inconsistent use of design marks featuring the words "A•C•T ENVIRONMENTAL & INFRASTRUCTURE," "A•C•T ENVIRONMENTAL SOLUTIONS," and "A•C•T ENVIRONMENTAL SERVICES" as shown below.

  

29. Throughout the Board proceeding, the Defendant was unable to provide evidence demonstrating use of "ACT" on its own. Nor was Defendant able to produce any compelling evidence to explain its delay in filing the petition for cancellation. In every instance entered into evidence, the Defendant used its marks in the form "A-C-T" or "A•C•T", only relying on a small number of customer correspondences, all of which were merely abbreviating its full legal name **A**merican **C**ompliance **T**echnologies, Inc., and none of which constituted a use in commerce of the Defendant Marks by Defendant.

30. The Defendant filed a motion for summary judgment on May 28, 2021, and on November 10, 2021 the motion was denied, with the TTAB holding that: (1) there were genuine issues of material fact as to the similarity or dissimilarity of the marks in terms of sight, sound, connotation, and commercial impression of the marks; (2) the co-existence of the parties without actual confusion; and (3) whether the Defendant's claim was barred by laches.

31. On March 2, 2023, the TTAB issued its final decision, holding that the Defendant had: (1) demonstrated widespread use of the Defendant Marks; (2) demonstrated a likelihood of confusion between the Plaintiff Marks and the

Defendant Marks; and (3) that Defendant's claim was not barred by the equitable doctrine of laches despite significant prejudice to the Plaintiff and delay in initiating the proceedings. A true and correct copy of the TTAB decision is attached hereto as Exhibit B.

## Cause of Action

32. Plaintiff repeats the allegations of paragraphs 1 through 31 above.

33. On March 2, 2023, the TTAB issued its Final Decision, which granted Defendant's petition to cancel the Plaintiff Marks' registrations on the basis of likelihood of confusion, priority of use by Defendant, and denial of Plaintiff's defense of laches.

34. Plaintiff seeks *de novo* review of the TTAB's Final Decision pursuant to 15 U.S.C. § 1071(b).

35. The decision by the TTAB in the cancellation proceeding is in error and is not supported by either the law or evidence in this matter. The TTAB's decision should be vacated, and an order should be entered directing the USPTO to reinstate U.S. Trademark Registration Nos. 5108229 and 5263848 in connection with their original goods and services.

## Prayer for Relief

Plaintiff respectfully requests that:

A. The Court vacate the March 2, 2023 Final Decision of the TTAB in the cancellation proceeding captioned *American Compliance Technologies, Inc. v. Advanced Chemical Transport, Inc. DBA ACT Environmental Services*,

Cancellation No. 92072591, and adjudge that the Plaintiff Marks' registrations be reinstated on the Principal Register in connection with their original goods and services; and

B.  The Plaintiff be granted such other and further relief to which it may be justly entitled.

Dated this 4th day of May, 2023.

*s/ Ryan T. Santurri*

Ryan T. Santurri
Florida Bar No. 015698
rsanturri@allendyer.com
Allen, Dyer, Doppelt + Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Orlando, Florida 32801
Telephone:  407-841-2330
Facsimile:   407-841-2343

and

Nathan T. Paine, WSBA# 34487 (*Pro hac* application forthcoming)
Kyle B. Straughan, WSBA# 47963 (*Pro hac* application forthcoming)
**Karr Tuttle Campbell**
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206-223-1313
Facsimile: 206-682-7100
Email: npaine@karrtuttle.com
Email: kstraughan@karrtuttle.com

*Attorneys for Plaintiff*
*Advanced Chemical Transport, Inc., dba ACT Environmental Services*